IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOANN SWEENEY | * | |
| | * | |
| | * | |
| | * | |
| v. | * | Civil No. CCB-13-1804 |
| | * | |
| | * | |
| SUPERVALU INC. | * | |

******

## MEMORANDUM

Plaintiff Joann Sweeney brings this action against defendant SuperValu Inc. (d/b/a Shoppers Food & Pharmacy) ("Shoppers") seeking damages for injuries she suffered after falling in a Shoppers grocery store in Baltimore County, Maryland.  Shoppers' motion for summary judgment is now pending before the court.  Also pending is Shoppers' motion to exclude purported expert Barry Erik Parsons' testimony.  For the reasons stated below, both motions will be granted.

## BACKGROUND

On June 23, 2011, Sweeney and her daughter entered the Shoppers store to buy a few items.  (Sweeney Dep., ECF No. 20-3, at 15:4–17:10.)  At about 4:00 p.m., Sweeney was walking through an aisle of the store when her foot slipped on a clear, small plastic tag[1] on the floor.  (*Id.* at 16:23–23:10.)  As a result of her fall, she injured her right shoulder.  (*Id.* at 35:6–16.)  Richard Lucas, the store manager, spoke with Sweeney after her fall and filled out an incident report.  (Lucas Dep., ECF No. 20-4, at 7:1–2, 25:15–26:14.)  He later testified at his

---

[1] Shoppers was using plastic tags to hang "Save Even More" signs on grocery shelves.  (*See* Linda Downey Dep., ECF No. 20-5, at 17:23–25:23.)

deposition that he had walked through every aisle of the store just fifteen minutes prior to

Sweeney's fall and that he did not recall seeing a tag on the floor.  (*Id.* at 30:8–15.)

## STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted

"if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphasis added).  Whether a fact

is material depends upon the substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247–48 (1986).  Accordingly, "the mere existence of *some* alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment."  *Id.*  "A

party opposing a properly supported motion for summary judgment 'may not rest upon the mere

allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that

there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d

514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court must

view the evidence in the light most favorable to the nonmovant and draw all justifiable

inferences in his favor.  *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted); *see also*

*Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*,

721 F.3d 264, 283 (4th Cir. 2013) (citation omitted).  At the same time, the court must not yield

its obligation "to prevent factually unsupported claims and defenses from proceeding to trial."

*Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

## ANALYSIS

### I.      Choice of Law

A court sitting in a diversity case must apply the choice of law rules of the state in which

it sits.  *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941).  Despite a

modern trend favoring alternative approaches, "Maryland adheres to the *lex loci delicti* rule" to

determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 752 A.2d 200, 230

(Md. 2000); *see also Erie Ins. Exch. v. Heffernan*, 925 A.2d 636, 651 (Md. 2007) ("We see no

reason to discontinue our adherence to the principles of *lex loci delicti*.").  Under this rule, "the

substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 453 A.2d

1207, 1209 (Md. 1983).  Because the alleged tort took place in Baltimore County, Maryland,

Maryland law governs Sweeney's negligence claim.

## II.     Negligence Claim

Under Maryland law, "the proprietor of a store owes a duty to . . . [an invitee] to exercise

ordinary care to keep the premises in a reasonably safe condition and will be liable for injuries

sustained in consequence of a failure to do so." *Maans v. Giant of Md., L.L.C.*, 871 A.2d 627,

631 (Md. App. 2005) (alteration in original) (quoting *Rawls v. Hochschild, Kohn & Co.*, 113

A.2d 405 (Md. 1955)) (internal quotation marks omitted).  To prove that a proprietor

violated his duty, "[t]he evidence must show not only that a dangerous condition existed, but also

that the proprietor 'had actual or constructive knowledge of it, and that that knowledge was

gained in sufficient time to give the owner the opportunity to remove it or to warn the invitee.'"

*Rehn v. Westfield Am.*, 837 A.2d 981, 984 (Md. App. 2003) (quoting *Keene v. Arlan's Dep't

Store of Baltimore, Inc.*, 370 A.2d 124 (Md. App. 1977)); *see also Joseph v. Bozzuto Mgmt. Co.*,

918 A.2d 1230, 1235 (Md. App. 2007).  "[T]here is no liability for harm resulting from

conditions . . . which the occupier neither knew about nor could have discovered with reasonable

care." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 693 A.2d 370, 375 (Md. App. 1997)

(internal quotation marks and citation omitted).

The customer-plaintiff bears the burden of demonstrating that the store proprietor had notice of the condition.  *Rehn*, 837 A.2d at 984.  A series of slip-and-fall cases makes clear that the customer-plaintiff cannot meet her burden when there is no evidence as to how long the dangerous condition existed.  *See, e.g.*, *Moulden v. Greenbelt Consumer Servs., Inc.*, 210 A.2d 724, 726 (Md. 1965) (concluding that directed verdict in favor of store in slip-and-fall case was appropriate where there was no evidence of how long the bean on which the plaintiff slipped had been on the floor); *Lexington Mkt. Auth. v. Zappala*, 197 A.2d 147, 148 (Md. 1964) (finding "no evidence at all" that oil or grease on a garage floor was caused by the proprietor or that there was actual or constructive notice where there was no evidence as to how long it had been on the floor or where it came from); *Maans*, 871 A.2d at 631 (finding no evidence of actual or constructive notice where there was no evidence as to how long the water had been on the floor or of any failure to properly inspect); *Carter v. Shoppers Food Warehouse MD Corp.*, 727 A.2d 958, 965-67 (Md. App. 1999) (finding no actual or constructive notice of a turned up carpet in a grocery store where a sweep log showed the area had been swept fifty minutes prior to the fall and the plaintiff had presented no evidence that someone saw the carpet turned up or of how long the carpet had been turned up).

Here, Sweeney offers no facts from which a reasonable jury could conclude that Shoppers' negligence caused the plastic tag at issue to fall.  Indeed, she admits that the plastic tag may have fallen because of the actions of another customer.

Nor can the court conclude that Shoppers had either actual or constructive knowledge because the plastic tags had a "known propensity to fall from the shelf."  (Sweeney Opp., ECF No. 20-1, at 3.)  To support this reasoning, Sweeney submits the purported expert testimony of Parsons, who opines that: (1) "[t]he plastic sign clip on the floor created a dangerous condition

4

that caused [] Sweeney to slip and fall," (2) "Shoppers selected a dangerous shelf clip system that made it foreseeable that clips would be knocked off of shelves onto the floor during the normal course of shopping activities," (3) "Shoppers' failure to reasonably inspect and maintain the area where Sweeney slipped violated the standard of care and resulted in the sign clip creating a dangerous condition and caused Sweeney to slip and become injured," and (4) "[] Sweeney was acting in a reasonable manner for a shopper in a retail environment and her actions were not the cause of her fall."  (Parsons Rep., ECF No. 19-4, at 9.)  Yet, assuming that this testimony requires an expert, Parsons lacks the necessary qualifications to be an expert and does not have a sufficient factual basis for his opinions.  *See* Fed. R. Evid. 702 (stating that a witness may be qualified as an expert by virtue of his "knowledge, skill, experience, training, or education" and may only give testimony that "is based on sufficient facts or data"); *see also Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993) (explaining that, when the court is faced with a proffer of expert testimony, it must determine "whether the expert is proposing to testify to (1) scientific[, technical, or specialized] knowledge that (2) will assist the trier of fact to understand or determine a fact in issue").

As for his qualifications, Parsons has a two-year degree from a junior college and has managed various stores and food retail operations, but does not hold any professional licenses, has never published in the field of floor care maintenance or retail floor maintenance, and does not sit on any national, state, or local safety committees.  (Parsons Dep., ECF No. 19-3, at 26:8–27:2, 31:9–18, 33:9–22; *see also* Parsons CV, ECF No. 21-3.)  Additionally, Parsons did not interview any witnesses or parties in this case and made just a minute-long visit to the Shoppers store, during which time he did not talk to any Shoppers employees or take any measurements or pictures.  (Parsons Dep. at 42:2–43:7.)  Despite never being involved in a case concerning the

plastic tags at issue, he has not performed any testing on the tags, and has not reviewed any data on them.  (*Id.* at 47:7–19.)

Parsons simply does not know how long the plastic tag was on the floor or whether any Shoppers employees saw it there, (*id.* at 70:7–15), and Sweeney proffers no evidence to suggest that anyone saw the tag before she slipped on it.  Lucas testified that he had inspected all the aisles just fifteen minutes before Sweeney fell, and that he did not recall seeing a tag on the ground.  As stated by the Court of Appeals of Maryland, "it would be unreasonable to hold that [there is a] duty to conduct a continuous inspection tour of the store."  *Moulden*, 210 A.2d at 725–26 (determining that a grocery store did not violate its duty of care when the accident scene had been inspected about two and a half hours prior to the accident at issue).

In sum, because there is no evidence from which a reasonable jury could conclude that Shoppers had notice of the plastic tag on which Sweeney slipped, there is no question for the jury on Sweeney's negligence claim.  Shoppers is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, the motion for summary judgment will be granted, as will the motion to exclude Parsons' testimony.  A separate order follows.


May 15, 2014                                             _____/s/_____
Date                                                     Catherine C. Blake
                                                         United States District Judge